JS-6
O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01601 DOC (RNBx)				Date: November 15, 2012

Title: <u>EDWARD REZEK V. CITY OF TUSTIN ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>					<u>    N/A    </u>
Courtroom Clerk					Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS, DENYING DEFENDANTS' MOTIONS TO STRIKE, AND ORDERING ACTION STAYED PENDING RESOLUTION OF UNDERLYING CRIMINAL CHARGES**

      Before the Court are four motions: (1) a Motion to Dismiss filed by Defendants IPC International Corporation and Jose Reyes (Dkt. 23); (2) a Motion to Dismiss filed by Defendant Vestar Property Management Company (Dkt. 24); (3) a Motion to Strike Portions of Plaintiff's First Amended Complaint filed by Defendants IPC International Corporation and Jose Reyes (Dkt. 25); and (4) a Motion to Strike Portions of Plaintiff's First Amended Complaint filed by Defendant Vestar Property Management Company (Dkt. 26). After reviewing the motions, opposition, and reply, the Court DENIES IN PART and GRANTS IN PART Defendants' Motions to Dismiss and DENIES Defendants' Motions to Strike.[1]

      The Court also ORDERS this case STAYED pending resolution of the underlying criminal case, Orange County Superior Court case No. 10CM00225.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)　　　　　　　　　　　Date: November 15, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

## I.　　Background

The gravamen of the First Amended Complaint ("FAC") (Dkt. 21) is that Defendants City of Tustin, Brian Chupp ("Chupp"), Mark Turner ("Turner") and Scott Jordan ("Jordan") (collectively "City Defendants") along with Defendants Jose Reyes ("Reyes"), IPC International Corporation ("IPC") and Vestar Property Management Company ("Vestar") (collectively "Private Party Defendants") acted in concert to falsely arrest and maliciously prosecute Plaintiff Edward Rezek ("Plaintiff") for crimes City Defendants and Private Party Defendants knew he did not commit.  The FAC alleges the following facts.

### a. Reyes nearly strikes Plaintiff with a patrol vehicle

On October 15, 2009, Plaintiff was in a crosswalk en route to a bar in Tustin, California, when Defendant Reyes—who was employed by Defendants IPC and Vestar—drove his patrol vehicle into the crosswalk nearly striking Plaintiff.  FAC at ¶ 8.  Reyes stopped the vehicle after Plaintiff "slapped the hood" of the patrol car in order to get Reyes' attention.  *Id.*  Plaintiff then "approached Reyes and gave Reyes a lecture about nearly injuring plaintiff."  *Id.*

### b. Chupp and Turner, in plain clothes and without identifying themselves, manhandle Plaintiff

A few minutes later Plaintiff was talking on the phone while waiting in line to enter the bar when on-duty police officers Chupp and Turner, in plain clothes and without identifying themselves, "forcibly pulled Plaintiff out of line and hustled Plaintiff to a[] nearby intersection where Reyes stood at Reyes' vehicle."  *Id.*

Chupp and Turner then yelled to Reyes "is this the asshole that vandalized and punched your car?" to which Reyes falsely responded "yes."  *Id.*  Plaintiff attempted to explain to Chupp and Turner what had happened in the crosswalk.  *Id.*  Despite Plaintiff's explanation, one of the two officers "maliciously, forcibly and needlessly knocked Plaintiff to the ground, wrenching Plaintiff's right arm high behind his back causing excruciating pain."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012

Page 3

### c. Chupp and Turner identify themselves only after a third party attempts to intervene

The manager of the bar attempted to pull an officer off of Plaintiff after Plaintiff screamed out for help, but was stopped when one of the two officers identified themselves as police officers. *Id.* Plaintiff was later diagnosed with a broken arm. *Id.*

### d. Plaintiff's injuries are diagnosed and he is booked

After forcefully apprehending Plaintiff, Plaintiff was handcuffed and placed in a police vehicle that had been brought to the scene by a transporting officer. *Id.* After receiving a diagnosis and treatment for his arm at Western Medical, Plaintiff was taken to the Tustin Police Department. *Id.* He was booked for violating California Penal Code section 148(a)(1) (resisting arrest)[2] at Chupp and Turner's direction and request, as well as for violating California Penal Code section 594 (vandalism)[3] at Reyes' direction and request. *Id.* Plaintiff was cited after booking and released. *Id.*

In order to justify Plaintiff's violent seizure, Chupp, Turner and Reyes decided among themselves to make it seem as though Reyes directed the transporting officer to carry out Reyes' citizen's arrest for vandalism. *Id.* Pursuant to this agreement, Reyes executed the citizen's arrest and Chupp and Turner authored false crime reports in which both claimed that they witnessed Plaintiff "punch the hood of the vehicle" firsthand and that Reyes' vehicle was not in the crosswalk. *Id.* Moreover, Reyes furnished false evidence to the District Attorney and kept certain information regarding Plaintiff's violent arrest from the Tustin IA investigators and the District Attorney. Opp'n at 8, 11. On January 11, 2010, the Orange County District Attorney filed misdemeanor criminal

---

[2] Cal. Penal Code § 148(a)(1) provides: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

[3] Cal. Penal Code § 594 provides: "(a) Every person who maliciously commits any of the following acts with respect to any real or personal property not his or her own, in cases other than those specified by state law, is guilty of vandalism: (1) Defaces with graffiti or other inscribed material. (2) Damages. (3). Destroys. Whenever a person violates this subdivision with respect to real property, vehicles, signs, fixtures, furnishings, or property belonging to any public entity, as defined by Section 811.2 of the Government Code, or the federal government, it shall be a permissive inference that the person neither owned the property nor had the permission of the owner to deface, damage, or destroy the property . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)　　　　　　　　　　　　Date: November 15, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

---

charges for vandalism and resisting arrest under Orange County Superior Court case No. 10CM00225. The criminal charges remain pending.

### c. The present lawsuit and motions to dismiss and strike

Plaintiff filed the present lawsuit on October 17, 2011, and a First Amended Complaint on April 19, 2012, which is the operative complaint. FAC (Dkt. 21).

On May 16, 2012, Private Party Defendants brought the present Motions to Dismiss and Motions to Strike Portions of Plaintiff's First Amended Complaint. (Dkts. 23, 24, 25, 26). Private Party Defendants move to dismiss Plaintiff's claims for violation of civil rights under Section 1983 (first claim), malicious prosecution (fourth claim), torts in essence (fifth claim), intentional infliction of emotional distress (sixth claim), negligent employment (seventh claim), and violation of Cal. Civ. Code § 52.1 (eighth claim).

Although Defendants Reyes and IPC filed their Motion to Dismiss and Motion to Strike separately from Defendant Vestar, the Court will address the Motions to Dismiss together and the Motions to Strike together because they set forth the same arguments.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)  Date: November 15, 2012
Page 5

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012

                                                                                                         Page 6

---

1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Motion to Dismiss

Private Party Defendants argue that: (1) Plaintiff's first claim for a civil rights violation under Section 1983 fails because there are no allegations that Private Party Defendants acted under color of state law; (2) Plaintiff's eighth claim for a violation of the Bane Act fails because the Plaintiff fails to allege facts which would demonstrate that Private Party Defendants violated Plaintiff's civil rights by means of threats, intimidation, or coercion; and (3) Plaintiff's fifth claim for "torts in essence" fails because no authority exists to demonstrate that the cited sections of the California Penal Code create private rights of action. This Court DENIES Private Party Defendants' Motions to Dismiss Plaintiff's first claim for a civil rights violation under Section 1983 and Plaintiff's eighth claim for a violation of the Bane Act. This Court GRANTS Private Party Defendants' Motions to Dismiss to the extent they seek to dismiss Plaintiff's fifth claim for "torts in essence." Finally, the Court ORDERS the case stayed pending resolution of the underlying criminal case.

#### a. Plaintiff has sufficiently alleged that Private Party Defendants acted under color of state law

Plaintiff's first claim for a civil rights violation under Section 1983 alleges that Private Party Defendants "intentionally and maliciously conspired to deprive Plaintiff of rights secured to him" by the United States Constitution. FAC at ¶ 11. Private Party Defendants argue that they cannot be liable under 42 U.S.C. § 1983 because "there are no allegations that [Private Party Defendants] acted under color of state law." Mot. to Dismiss (Dkt. 23) at 1; Mot. to Dismiss (Dkt. 24) at 1.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Only prong two is in dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                                                     Page 7

        Regarding the second prong, one way in which a plaintiff can establish that a private party acted under color of state law is by demonstrating that the private party was a willful participant in "joint action" with the state or its agents, which can be shown through the existence of a "conspiracy." *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Collins v. Womancare*, 878 F.2d 1145, 1150 (9th Cir. 1989).[4]

        To establish a conspiracy, "a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights"; yet said agreement "need not be overt, and may be inferred on the basis of circumstantial evidence." *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (quoting *Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir. 1983) (internal quotation marks omitted)); *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). "[E]ach participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am.*, 865 F.2d at 1541. "An implied agreement can be garnered from the nature of the conspiracy, a cover-up which necessarily involves actions undertaken with a mutual understanding to advance a common objective." *Carreon v. Baumann,* 747 F. Supp. 1290 (N.D. Ill. 1990).

---

[4] Private Party Defendants argue that, under *Van v. Wal-Mart Stores, Inc.*, Plaintiff must allege facts showing either: (1) the security guard was performing a public function; (2) there was joint action between the security guard and the state; (3) the complained of acts were the result of coercive influence or significant encouragement of the state; or (4) there was such a close nexus between the state and the challenged acts that the guard's behavior may be fairly treated as that of the state. *See* Mot. to Dismiss (Dkt. 23) at 5–6 & Mot. to Dismiss (Dkt. 24) at 6 (citing *Van v. Wal-Mart Stores, Inc.*, 2011 WL 42895, at *3 (N.D. Cal. Jan. 6, 2011)). This "test" from *Van* is essentially reciting the four ways in which courts have found that private parties acted under color of state law. *See, e.g.*, *Howerton v. Gabica*, 708 F.2d 380, 382–83 (9th. Cir. 1983) (explaining that the public function test, the joint action test, the state compulsion test, and the governmental nexus test are among the tests or factors used to determine whether action taken by private individuals was under color of state law). The Court here addresses only the joint action test because it concludes that Plaintiff has pled sufficient facts to meet that test.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)　　　　　　　　　　　　Date: November 15, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

---

　　　In the instant case, an agreement to violate Plaintiff's constitutional rights can be inferred by the allegations regarding Private Party Defendants' acts before the arrest, as well as the cover-up after the arrest.

　　　Regarding Private Party Defendants' acts before the arrest, Plaintiff alleges facts which give rise to the reasonable inference that Reyes knew Chupp and Turner prior to the arrest and exploited this pre-existing relationship to take revenge on Plaintiff. First, Plaintiff asserts that Chupp and Turner were not in uniform, never identified themselves as on-duty police officers before manhandling Plaintiff, and a witness attempted to pull the plainclothes officers off Plaintiff during the arrest. FAC at ¶ 8. From these facts, the Court can reasonably infer that anyone who lacked a pre-existing relationship with Chupp or Turner would not readily identify them as police officers. Second, Plaintiff alleges that Chupp and Turner asked Reyes to identify Plaintiff as the person who vandalized Reyes' car shortly before Plaintiff's arrest. *Id.* From this fact, it can be inferred that Reyes sought Chupp and Turner's help after Reyes' run-in with Plaintiff. Third, Plaintiff alleges that Reyes is a security guard. *Id.* Given that security guards often encounter police while performing their job duties, the Court can reasonably infer that it is possible that Reyes was aware that Chupp or Turner were police officers based on previous interactions. Together, these facts give rise to the reasonable inference that Reyes had a pre-existing relationship with Chupp and Turner prior to the arrest and exploited this relationship to take revenge on Plaintiff.

　　　The reasonable inference that Reyes exploited his pre-existing relationship with Chupp and Turner to take revenge on Plaintiff is further supported by the allegations about a cover-up after the arrest. Plaintiff alleges that, after the arrest, Reyes and the officers jointly decided to have Reyes execute a citizen's arrest in order to "conceal" and "justify" Chupp and Turner's violent seizure. *Id.* In addition, Plaintiff alleges that Reyes furnished false evidence to the District Attorney in order to "conform to [Chupp and Turner's] contrived version of Plaintiff's crimes." *Id.*; Opp'n (Dkt. 27) at 11. Reyes' pre-existing relationship with Chupp and Turner provides a motivation for why all three Defendants would be willing to work together to violently arrest and maliciously prosecute Plaintiff—the alleged acts which caused the deprivation of Plaintiff's rights.

　　　Because all factual inferences are construed in the light most favorable to the plaintiff, this Court concludes that Plaintiff has adequately pled that Private Party Defendants acted under color of state law for purposes of Section 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                                            Page 9

---

        **b.**     **Plaintiff adequately states a claim for a violation of the Bane Act because Plaintiff alleges facts showing that Private Party Defendants violated Plaintiff's civil rights by means of threats, intimidation, or coercion**

       Plaintiff's eighth claim alleges that, in addition to violating Section 1983, Private Party Defendants also violated Cal. Civil Code § 52.1 (also known as the "Bane Act"). "To prevail on a claim under the Bane Act, a plaintiff must show that the defendant used threats, intimidation, or coercion to interfere with the plaintiff's state or federal constitutional rights." *Gant v. County of Los Angeles,* 765 F. Supp. 2d 1238, 1252 (C.D. Cal. 2011) (quoting Cal. Civ. Code § 52.1(a), (b) (internal quotation marks omitted)).

       Private Party Defendants argue that Plaintiff's claim must fail because "the FAC contains no allegations that any of the defendants threatened, intimidated, or coerced the Plaintiff" since "the only factual allegation present is that Reyes responded to a single question from a police officer." Mot. to Dismiss (Dkt. 23) at 10–11; Mot. to Dismiss (Dkt. 24) at 10–11. In addition, Private Party Defendants argue that the claim must fail because "the California Supreme Court has interpreted [S]ection 52.1 as precluding actions based on purely private acts where the underlying constitutional right is a right to be free from government action." *Id.* (citing *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334, 70 Cal. Rptr. 2d 884 (1998)).

       Although Private Party Defendants are correct about the California Supreme Court's holding, because, as noted above, this Court finds that Plaintiff has adequately pled that Private Party Defendants acted under color of state law, Private Party Defendants' acts were not "purely private." Therefore, this Court must just address whether Private Party Defendants used threats, intimidation, or coercion to interfere with Plaintiff's state or federal constitutional rights.

       Very few California courts have considered the meaning of the terms "threats," "intimidation," or "coercion." Given a lack of California case law, courts have looked to Massachusetts case law for guidance since the Bane Act was modeled after the Massachusetts Civil Rights Act of 1979. *See e.g.*, *Gant,* 765 F. Supp. 2d at 1253; *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1984, 1103–04 (N.D. Cal. 2005). According to the court in *Planned Parenthood League of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                              Page 10

*Massachusetts, Inc. v. Blake*, a "threat . . . involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm . . . [i]ntimidation involves putting in fear for the purpose of compelling or deterring conduct" and "coercion" is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." *See Planned Parenthood League of Massachusetts, Inc. v. Blake*, 631 N.E. 2d 985, 990 (1994).

       Plaintiff alleges facts which adequately plead that at minimum, Reyes used "threats" and "intimidation" to interfere with Plaintiff's state and federal constitutional rights. Although Private Party Defendants argue that Reyes' only involvement in the acts which allegedly caused the constitutional violations was "responding to a question from a police officer," as noted above, it can be inferred that Reyes sought out Chupp and Turner to take revenge on Plaintiff after Plaintiff's interaction with Reyes. Mot. to Dismiss (Dkt. 23) at 11; Mot. to Dismiss (Dkt. 24) at 11. Plaintiff alleges that he was "forcibly pulled" out of line by Chupp and Turner and "hustled" to a nearby intersection so that Reyes could identify him. FAC at ¶ 8. These facts, together with Plaintiff's allegation that he was unaware that Chupp and Turner were police officers, support the inference that prior to his allegedly unlawful arrest, Plaintiff would have felt intimidated by the two men, as well as fearful of injury or harm.

       Given that Plaintiff has adequately stated a claim against Reyes for violation of the Bane Act, Plaintiff has also adequately stated a claim against IPC and Vestar, Reyes' employers, given that employers can be vicariously liable for the acts of their employees. *See, e.g., Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967, 719 P.32d 676 (1986) ("Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment . . . [t]he losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business."); *Hinman v. Westinghouse Elec. Co.*, 2 Cal. 3d 956, 959–60, 471 P.2d 988 (1970). Therefore, Plaintiff has adequately pled that Private Party Defendants violated the Bane Act.

                 **c.      Plaintiff fails to adequately state a claim for "torts in essence" since the cited Penal Code Sections do not create a private right of action**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)          Date: November 15, 2012
                                           Page 11

Plaintiff's fifth claim against Private Party Defendants is for "torts in essence."

> A tort in essence is the breach of a nonconsensual duty owed another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying public policy is generally actionable even though no specific civil remedy is provided in the statute itself. Any injured member of the public for whose benefit the statute was enacted may bring the action.

*S. Bay Bldg Enterprises, Inc. v. Riviera Lend-Lease, Inc.*, 72 Cal. App. 4th 1111, 1123, 85 Cal. Rptr. 2d 647 (1999). Plaintiff asserts that Private Party Defendants failed to abide by and intentionally violated non-consensual duties owed to Plaintiff which are set forth in California Penal Code Sections 148.5[5] (false report of a crime), 134[6] (preparing false evidence), 132[7] (offering false evidence), 127[8] (subornation of perjury), and 137[9] (induce

---

[5] Cal. Penal Code § 148.5 provides in relevant part: "(a) Every person who reports to any peace officer listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, the Attorney General, or a deputy attorney general, or a district attorney, or a deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor. (b) Every person who reports to any other peace officer . . . that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor if (1) the false information is given while the peace officer is engaged in the performance of his or her duties as a peace officer and (2) the person providing the false information knows or should have known that the person receiving the information is a peace officer.

[6] Cal. Penal Code § 134 provides: "Every person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of a felony."

[7] Cal. Penal Code § 132 provides: "Every person who upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper , document, record, or other instrument in writing, knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of felony."

[8] Cal. Penal Code § 127 provides: "Every person who willfully procures another person to commit perjury is guilty of subornation of perjury, and is punishable in the same manner as he would be if personally guilty of the perjury so procured."

[9] Cal. Penal Code § 137 provides in relevant part: "(a) Every person who gives or offers, or promises to give, to any witness, person about to be called as a witness, or person about to give material information pertaining to a crime to a law enforcement official, any bribe, upon any

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                                   Page 12

---

false testimony). FAC at ¶ 38–39. Private Party Defendants move to dismiss this claim arguing that the cited California Penal Code sections do not create private rights of action. Mot. to Dismiss (Dkt. 23) at 11–12 & Mot. to Dismiss (Dkt. 24) at 11–12.

"A statute creates a private right of action only if the enacting body so intended." *Farmers Ins. Exch. v. Superior Court*, 137 Cal. App. 4th 842, 849, 40 Cal. Rptr. 3d 653, 657 (2006) (citing *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 305, 250 Cal. Rptr. 116, 758 P.2d 58 (1988). "That intent need not necessarily be expressed explicitly, but if not it must be strongly implied." *Id.* (citing *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* 70 Cal. App. 4th 55, 62, 82 Cal. Rptr. 2d 442 (1999)). Private rights of action under criminal statutes have rarely been implied, and when one has been read into a criminal statute "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp v. Brown,* 441 U.S. 281, 316 (1979).

The Court has reviewed Sections 148.5, 134, 132, 127, and 137, and has found that the statutes do not include language suggesting that civil enforcement is available to Plaintiff. Although Plaintiff cites support for the continued viability of the "torts in essence" doctrine, Plaintiff fails to cite authority showing the California Legislature intended to create private rights of action under the five statutes. Opp'n at 16–19. *See Agric. Ins. Co., v. Superior Court*, 70 Cal. App. 4th 385, 400, 82 Cal. Rptr. 2d 594, 602 (1999) (finding that dismissal of plaintiff's claim under Section 550 of the California Penal Code was proper because plaintiff did not cite or suggest anything indicating the Legislature's "silent" intent, nor why, if the Legislature did so intend a private right of action, it did not simply say so); *Hillblom v. County of Fresno*, 539 F. Supp. 2d 1192, 1212 (E.D. Cal. 2008) (putting the burden on the plaintiffs to "defend meaningfully their torts in essence cause of action" and dismissing because plaintiffs "fail to demonstrate how their cited California Penal Code sections create private rights of action"); *see also Harvey v. City of South Lake Tahoe*, CIV S-10-1653 KJM EFB PS, 2011 WL 3501687 at *7 (E.D. Cal. Aug. 9, 2011) (finding plaintiff's claims under Sections 182, 849, and 484 of the California Penal Code failed because plaintiff did not argue that private causes of action were implied, and because there was no indication in the statute that civil enforcement was available to plaintiff).

---

understanding or agreement that the testimony of such witness or information given by such person shall be thereby influenced is guilty of a felony."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
           Page 13

---

Consequently, Plaintiff's claim for "torts in essence" (claim 5) is DISMISSED with leave to amend.

### d. Conclusion

For the foregoing reasons, Private Party Defendants' Motions to Dismiss are DENIED as to Plaintiff's first claim for a civil rights violation under Section 1983 and Plaintiff's eighth claim for a violation of the Bane Act. Private Party Defendants' Motions to Dismiss are GRANTED to the extent they seek to dismiss Plaintiff's fifth claim for "torts in essence."

## IV. Motions to Strike

In addition to moving to dismiss, Private Party Defendants also move to strike portions of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. 25 & 26). Private Party Defendants state that allegations and prayers for punitive damages that appear in five sections of the FAC constitute "redundant, immaterial, impertinent or scandalous matter." Mot. to Strike (Dkt. 25) at 2–3, Mot. to Strike (Dkt. 26) at 2–3. Moreover, Private Party Defendants argue that the prayers for punitive damages should be stricken because Plaintiff has failed to allege facts that would show Plaintiff is entitled to punitive damages under California law. *Id.* at 4–5.

In 2010 the Ninth Circuit held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). In reaching this conclusion, the Ninth Circuit explained that district courts may not resolve disputed and substantial factual or legal issues under Rule 12(f) because if that were allowed, striking under Rule 12(f) would be akin to dismissing under Rule 12(b)(6) or granting summary judgment under Rule 56 and would thereby create redundancies within the Federal Rules of Civil Procedure. *Id.* at 974. Moreover, the court noted that Rule 12(f) motions are reviewed under a different standard from that used to review a Rule 12(b)(6) motion and if a party may seek dismissal of a pleading under the former then "the district court's action would be subject to a different standard review than if the district court had adjudicated the same substantive action under Rule 12(b)(6). *Id.* "Applying different standards of review, when the district court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                                                                 Page 14

underlying action is the same," the court explained, "does not make sense." *Id.* Therefore, this Court must only determine whether the five portions of the FAC noted by Private Party Defendants should be stricken on the basis that they constitute "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Pro. 12(f).

     Whether to grant a motion to strike lies within the sound discretion of the Court. *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *California Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Consequently, courts generally require "a showing of prejudice by the moving party before granting the requested relief." *Id.* (quoting *Securities & Exchange Comm'n v. Sands,* 902 F. Supp. 1149, 1528 (C.D. Cal. 1995) (internal quotation marks omitted)). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Id*. However, courts have stated that "[m]atter will not be stricken unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." *See, e.g.*, *United States v. 729.733 Acres of Land, Etc.,* 531 F. Supp. 967, 971 (D. Haw. 1982).

     Here, Private Party Defendants have not argued that the five allegations which include prayers for punitive damages will mislead the trier of fact or lead to unnecessary complication. Additionally, it is not certain that the portions of the FAC that Private Party Defendants move to strike will have no possible bearing on this case. Therefore, Private Party Defendants' Motions to Strike are DENIED.

### V.    The Court orders this case stayed pending resolution of underlying criminal prosecution

     A district court may stay a civil action until a related criminal case or the likelihood of a criminal case has ended where a plaintiff files a false arrest claim or any other claim related to rulings that will likely be made in a pending or anticipated criminal trial. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                              Page 15

       Here, a criminal case against Plaintiff was filed in 2010 and is still pending. Plaintiff explains that he filed the present action, which includes some admittedly premature claims which cannot be adjudicated until the resolution of the underlying criminal proceedings, because California Government Code Section 945.3[10] tolls claims against the City Defendants but not those against the Private Party Defendants. *See* Opp'n (Dkt. 27) at 13 (noting that Plaintiff's Section 1983 malicious prosecution claim is admittedly premature given that the underlying criminal prosecution has not been terminated in Plaintiff's favor); *see also* Cal. Gov. Code § 945.3 (tolling the statute of limitations for a criminal defendant to file and prosecute actions against peace officers or public entities pending resolution of the criminal case, but making no mention of tolling claims against private parties also involved).

       tolls the statute of limitations for filing and prosecuting actions against those parties, but makes no mention of tolling claims against private parties also involved).

       Given that this action is tolled with respect to some defendants and not others, and that multiple claims relate to those made in the pending criminal trial, this Court ORDERS this action STAYED pending the resolution of the underlying criminal proceedings.

       **V.**      **Disposition**

       Accordingly, this Court holds that: (1) allegations were sufficient to plead joint action between Private Party Defendants and City Defendants; (2) under California law, allegations were sufficient to plead Private Party Defendants used "threats, intimidation, or coercion" to interfere with Plaintiff's federal or state constitutional rights; (3) California Penal Code Sections 148.5, 134, 132, 127, and 137 do not include language suggesting that civil enforcement is available; and (4) the FAC's five allegations which

---

[10] Cal. Gov. Code § 945.3 provides: "No person charged by indictment, information, complaint or other accusatory pleading charging a criminal offense may bring a civil action . . . against a peace officer or the public entity employing a peace officer based upon the conduct of the peace officer relating to the offense for which the accused is charged . . . while the charges against the accused are pending before a superior Court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01601 DOC (RNBx)            Date: November 15, 2012
                                                                                     Page 16

include prayers for punitive damages will not mislead the trier of fact or lead to unnecessary complication.

       Therefore, this Court:

1) DENIES Private Party Defendants' Motions to Dismiss Plaintiff's first claim for a civil rights violation under Section 1983;
2) DENIES Private Party Defendants' Motions to Dismiss Plaintiff's eighth claim for a violation of the Bane Act;
3) GRANTS Private Party Defendants' Motions to Dismiss to the extent they seek to dismiss Plaintiff's fifth claim for "torts in essence";
4) DENIES Private Party Defendants' Motions to Strike.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                 Initials of Deputy Clerk: jcb