O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)            Date: February 6, 2014

Title: EDWARD REZEK v. CITY OF TUSTIN, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART AND DENYING IN PART CITY OF TUSTIN'S MOTION TO DISMISS [44]**

Before the Court is Defendants Brian Chupp, Scott Jordan, Mark Turner, and the City of Tustin's (together, "Defendants'") Motion to Dismiss ("Motion" or "Mot.") (Dkt. 44) Plaintiff Edward Rezek's ("Mr. Rezek's") Second Amended Complaint ("SAC"). After considering the motion and opposition, and all filings attached thereto, the Court GRANTS in part and DENIES in part the Motion.

**I. BACKGROUND**

The following facts were alleged by the Plaintiff in his Second Amended Complaint and are construed in a light most favorable to him.

On October 15, 2009, Mr. Rezek was walking in a crosswalk on the way to Auld Dubliner Pub in Tustin. SAC ¶ 8. Defendant Jose Reyes ("Mr. Reyes"), a security guard for Defendant IPC Investor Property Management ("IPC"), inattentively drove his vehicle into the crosswalk and nearly struck Mr. Rezek. *Id.* Defendant Hirineo Ibarra ("Mr. Ibarra") was a passenger in the vehicle and was also employed by IPC. *Id.* Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                           Date: February 6, 2014

Page 2

Rezek slapped the hood of the car and lectured Mr. Reyes. *Id.* Then, continued to the bar. *Id.*

A few minutes later, Mr. Rezek was waiting in line at Auld Dubliner Pub. *Id.* Defendant Officers Chupp and Turner, in plain clothes but on duty, forcibly pulled Mr. Rezek out of line. *Id.* They did not identify themselves as police officers. *Id.* They dragged Mr. Rezek to the intersection and asked Mr. Reyes and Mr. Ibarra, "is this the as*hole that vandalized and punched your car?" *Id.* Mr. Reyes responded, "Yes." *Id.*

When Mr. Rezek tried to explain, Officers Chupp and Turner knocked him to the ground and wrenched his right arm high behind his back. *Id.* Mr. Rezek was in excruciating pain and shouted, "my arm is broken," "I'm not resisting," and "help." *Id.* The officers continued to apply force to Mr. Rezek's arm and told him to "shut up." *Id.* They forced his mouth into the dirt, put a knee on his back, and choked him until he was nearly unconscious. *Id.*

As he was being taken away from the scene, Mr. Rezek begged the officers to obtain the identities of witnesses, but they refused. *Id.* After approximately ten to fifteen minutes, the Officers asked if Mr. Rezek needed medical assistance. *Id.* He said that he did, and the paramedics came and told the Officers that he needed to go to the emergency room. *Id.* He eventually went to the hospital, and then to the Tustin Police Department. *Id.*

At some point, Officers Chupp and Turner conspired with Mr. Reyes and Mr. Ibarra to falsely state that Mr. Reyes executed an order of citizen's arrest. *Id.* Officers Chupp and Turner then authored false crime reports stating that they observed Mr. Rezek punching Mr. Reyes' vehicle and overheard Mr. Rezek in line saying, "I just punched the sh*t out of one of the security cars and the security guard was too much of a pu*sy to do anything about it." *Id.*

As a result, Mr. Rezek was charged and prosecuted for resisting arrest and vandalism. *Id.* He was eventually convicted of vandalism and acquitted of resisting arrest. Def.'s Request for Judicial Notice, Ex. 1.

On October 21, 2009, Mr. Rezek wrote a complaint against Officers Chupp and Turner to Defendant Tustin Chief of Police Scott Jordan ("Chief Jordan"). SAC ¶ 8. Chief Jordan assured Mr. Rezek that a thorough and unbiased internal investigation would be carried out. *Id.* On December 23, 2009, Chief Jordan wrote to Mr. Rezek to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                              Date: February 6, 2014

Page 3

advise him that his investigation determined that while the events did occur, they did not constitute misconduct under the circumstances. *Id.*

Now, Mr. Rezek brings suit against Defendants City of Tustin, Officer Chupp, Officer Turner, Chief Jordan, IPC International Corporation, Vestar Property Management Company, Mr. Reyes, and Mr. Ibarra for the following: (1) Violation of Civil Rights (42 U.S.C. § 1983), (2) *Monell* (42 U.S.C. § 1983) Against the City of Tustin, (3) False Arrest/Imprisonment, (4) Malicious Prosecution, (5) Intentional Infliction of Emotional Distress, (6) Negligent Employment, and (7) California Civil Code § 52.1. *See generally* SAC.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)                                                             Date: February 6, 2014

Page 4

contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

      Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

      Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983: Unreasonable Force and Malicious Prosecution

      Mr. Rezek's first claim is that Defendants conspired to deprive him "of his rights against unreasonable seizures and due process guarantees[.]" SAC ¶¶ 9-14. More specifically, he alleges that the police officers used unreasonable force and maliciously prosecuted him. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                          Date: February 6, 2014

Page 5

To prove a case under § 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Here, there is no dispute that the officers were acting under color of state law when arresting and prosecuting Mr. Rezek. Furthermore, the City of Tustin does not seem to challenge Mr. Rezek's § 1983 claim, insofar as he alleges unreasonable force. Rather, the City of Tustin argues that (1) Mr. Rezek's § 1983 claim, to the extent that it is predicated on malicious prosecution, cannot move forward and (2) Mr. Rezek failed to allege facts against Defendant Chief Jordan.

### 1. Malicious Prosecution for One of Two Counts

The City of Tustin argues that Mr. Rezek's "claims for false arrest and malicious prosecution are barred by the fact that he was convicted of vandalism."[1] Mot. at 6. Mr. Rezek responds that his conviction for one of two charges does not bar actions for malicious prosecution as to the other charge. Opp'n at 7. The Court agrees.

"To claim malicious prosecution, a [plaintiff] must allege 'that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right.'" *Lacy v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). In addition, plaintiffs must allege and prove the "termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (noting also that, "[The Supreme Court] ha[s] repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability").

Here, Mr. Rezek was charged with two counts: vandalism and resisting arrest. He was convicted for vandalism and, consequently, he concedes that a § 1983 action for malicious prosecution cannot be predicated on that count. Opp'n at 7. However, "a prosecution can be malicious with respect to some counts in a complaint even though other counts resulted in a conviction." *Poppell v. City of San Diego*, 149 F.3d 951, 963 (9th Cir. 1998) (citing *Singleton v. Perry*, 45 Cal.2d 489, 497-98 (1955)). "It is not necessary that the whole proceeding be utterly groundless." *Singleton*, 45 Cal.2d at 497. In other words, Mr. Rezek's vandalism conviction does not preclude him from arguing that he was maliciously prosecuted for resisting arrest.

---

[1] Mr. Rezek points out that his Complaint was amended to omit any claim for false arrest. Opp'n at 4. The Court agrees, and so it will not address the City of Tustin's arguments against such a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                         Date: February 6, 2014

Page 6

Of course, at trial, Mr. Rezek cannot rest merely on the fact that he was acquitted for resisting arrest. *Poppell*, 149 F.3d at 963 ("An acquittal . . . reveals very little – if anything – about whether the charges were procured with malice."). But, Mr. Rezek's § 1983 claim, to the extent that it is predicated on malicious prosecution of the resisting arrest charge, is sufficiently pled.

### 2. Claim Against Chief Jordan

The City of Tustin contends that although Mr. Rezek's § 1983 claim is brought against "all individual defendants," he has "failed to allege any facts to establish that Chief Jordan participated in any way[.]" Mot. at 8. The Court agrees.

"In order for a person acting under color of state law to be liable under Section 1983 there must be a showing of personal participation in the alleged deprivation[.]" *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, supervisor liability may exist if plaintiffs can show that either: "(1) his or her personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Here, Mr. Rezek submitted a complaint regarding Officers Chupp and Turner to Chief Jordan. SAC at 7. Chief Jordan assured Mr. Rezek that a thorough and unbiased internal investigation would be carried out. *Id.* Subsequently, Chief Jordan wrote to Mr. Rezek, advising him that the investigation revealed that while the events "did occur," they "did not constitute misconduct under the circumstances." *Id.* Mr. Rezek claims that Chief Jordan, therefore, "ratified" the wrongdoing of Officers Chupp and Turner.

But, even in a light most favorable to Mr. Rezek, the allegations show only that Chief Jordan knew of the allegations against Officers Chupp and Turner; they do not show that he confirmed Officers Chupp and Turner's wrongdoing, and then "ratified" their actions. To be sure, if Chief Jordan "knew of the violations and failed to act to prevent them," then he may be liable. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). But, there is a gap between 'knowing of violations' and 'knowing of allegations.' Here, the pleading is insufficient because there are no facts to suggest that Chief Jordan's conduct was wrongful, *see Redman*, 942 F.2d at 1446, or that he was aware of anything more than Mr. Rezek's allegations, *see Taylor*, 880 F.2d at 1045. In short, supervisors may be held individually liable for their "own culpable action," *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), but the allegations here do not adequately show that Chief Jordan was at all culpable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                                          Date: February 6, 2014

Page 7

      Accordingly, this Court DENIES the City of Tustin's motion to dismiss Mr. Rezek's § 1983 claim, to the extent that it is predicated on unreasonable force and malicious prosecution. But, the Court GRANTS the City of Tustin's motion to dismiss the § 1983 claim as to Chief Jordan, to the extent that it is predicated on Chief Jordan's direct involvement in this particular violation of constitutional rights.

### B. *Monell* Claim

      Mr. Rezek's second claim is that the City of Tustin promulgated and operated under policies, practices, and customs that are unconstitutional. SAC ¶¶ 20-26. The City of Tustin contends that Mr. allegations are insufficient because he has "stated nothing but boilerplate allegations against both the City and Chief Jordan[.]" Mot. at 10. The Court disagrees.

      Liability does not attach to a municipality merely because a constitutional violation is caused by a municipal employee, even one acting within the scope of his or her authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978). Rather, a plaintiff must plead the existence of an unconstitutional municipal policy or, "where the policy relied upon is not itself unconstitutional[,] . . . both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

      If the plaintiff alleges that the municipality 'failed to train' its employees, then the failure to must constitute a deliberate indifference to the rights of the public. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). Specifically, the plaintiff must show that (1) the existing program is inadequate, (2) the training policy, or lack thereof, amounts to deliberate indifference to the rights of people with whom the police come into contact, and (3) the deliberate indifference caused the constitutional violation at issue. *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

      Here, Mr. Rezek identifies a host of alleged policies and practices promulgated, sanctioned, or tolerated by the City of Tustin and by Chief Jordan. SAC ¶ 24. For example, Mr. Rezek alleges that both the City of Tustin and Chief Jordan knew of prior similar misconduct of Officers Chupp and Turner and others, refused to discipline those officers, refused to investigate the misconduct, and attempted to cover up those acts. *Id.* It is true that Mr. Rezek has not specifically named any particular incident that supports his allegations. However, that is a question for a later stage in litigation. Indeed, it is hard for this Court to imagine how such information might be available to a plaintiff without the benefit of discovery. In short, Mr. Rezek has cleared the low bar set at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                          Date: February 6, 2014

Page 8

pleading stage by alleging facts that, if true, would entitle him to relief on the *Monell* claim.

Accordingly, this Court DENIES the City of Tustin's motion to dismiss Mr. Rezek's *Monell* claim.

### C. False Arrest and Imprisonment

The City of Tustin argues that Mr. Rezek's third claim for false arrest and imprisonment must fail because Mr. Rezek was convicted of one of the charges for which he was arrested. Mot. at 11. The Court disagrees.

Under California law, a police officer may be held liable for false and arrest and false imprisonment. Cal. Gov. Code. §§ 820.4, 821.6. The tort of false imprisonment is defined as "the unlawful violation of the personal liberty of another." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994). The confinement must be "without lawful privilege." *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997) (*citing Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1123 (1998)).

Unlike Federal law, convictions do not automatically bar subsequent civil actions for false arrest or imprisonment. *See People v. Valenti*, 49 Cal. 2d 199, 203 (1957) ("An illegal arrest, alone, is utterly irrelevant [to guilt or innocence]."). Rather, those convictions bar subsequent civil actions for false arrest only if that issue was "actually litigated in the initial action." *See People v. Carter*, 36 Cal. 4th 1215, 1240. An issue is actually litigated "[w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined. *Id.*

Here, proof of Mr. Rezek's conviction is not enough. Rather, in order for the City of Tustin to succeed on this argument, it must show that the issue of probable cause was "properly raised, . . . submitted for determination, and [was] determined." *Id.* Therefore, the fact that Mr. Rezek was convicted does not bar his false arrest claim.

Accordingly, the Court DENIES the City of Tustin's motion to dismiss Mr. Rezek's state law claim for false arrest and imprisonment.

### D.     Intentional Infliction of Emotional Distress

Finally, the City of Tustin argues that Mr. Rezek's pleading is merely conclusory and not factual. The Court agrees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)  Date: February 6, 2014

Page 9

In order to prevail on a claim for intentional infliction of emotional distress, the plaintiff must show: (1) extreme and outrageous conduct by defendant; (2) defendant's intent to cause severe emotional distress; and (3) severe emotional distress suffered by the plaintiff (4) as a proximate result of defendant's conduct. *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (1970).

In addressing this argument, Mr. Rezek curiously focuses on the outrageousness of the Officers' conduct, but fails to address the question of intent. Indeed, Mr. Rezek's complaint on this cause of action is a mere formulaic recitation of the elements of intentional infliction of emotional distress. *See* SAC ¶¶ 37-41. This is not enough.

Accordingly, the Court GRANTS the City of Tustin's motion to dismiss Mr. Rezek's intentional infliction of emotional distress claim.

## IV. DISPOSITION

For the reasons stated above, this Court GRANTS the City of Tustin's Motion as to Chief Jordan's direct liability and Mr. Rezek's intentional infliction of emotional distress claim. The Court DENIES the City of Tustin's Motion as to all other claims.

Mr. Rezek is granted leave to amend his Second Amended Complaint on or before February 21, 2014.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk: jcb