O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES – GENERAL</u>

Case No. SACV 11-1601-DOC (RNBx)                                Date:  May 30, 2014

Title: EDWARD REZEK v. CITY OF TUSTIN, ET AL.

PRESENT:     <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

|     Julie Barrera      |     Not Present      |
| :---: | :---: |
|   Courtroom Clerk    |    Court Reporter    |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:
            None Present                                                             None Present

**PROCEEDINGS (IN CHAMBERS):**  **ORDER GRANTING MOTION TO DISMISS [70]**

Before the Court is Defendants IPC International Corporation, Hirineo Ibarra, Jose Reyes, and Vestar Property Management Company's (together, "IPC Defendants'") Motion to Dismiss the Third Amended Complaint ("Motion" or "Mot.") (Dkt. 70).

**I.  BACKGROUND**

The following facts were alleged by Plaintiff Edward Rezek ("Mr. Rezek") in his Third Amended Complaint ("TAC"), and are construed in a light most favorable to him.

On October 15, 2009, Mr. Rezek was walking in a crosswalk on the way to Auld Dubliner Pub in Tustin, California. TAC ¶ 8. Defendant Jose Reyes ("Mr. Reyes"), a security guard for Defendant IPC Investor Property Management ("IPC"), inattentively drove his vehicle into the crosswalk and nearly struck Mr. Rezek. *Id.* Defendant Hirineo Ibarra ("Mr. Ibarra"), also employed by IPC, was a passenger in the vehicle. *Id.* Mr. Rezek slapped the hood of the car and lectured Mr. Reyes. *Id.* Then, continued to the bar. *Id.*

A few minutes later, Mr. Rezek was waiting in line at Auld Dubliner Pub. *Id.* Defendants Officer Brian Chupp ("Officer Chupp") and Officer Mark Turner ("Officer Turner") (together, "Tustin Officers"), in plain clothes but on duty, forcibly pulled Mr. Rezek out of line. *Id.* They did not identify themselves as police officers. *Id.* They

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                          Date: May 30, 2014

Page 2

dragged Mr. Rezek to the intersection and asked Mr. Reyes and Mr. Ibarra, "is this the as*hole that vandalized and punched your car?"  *Id.*  Mr. Reyes responded, "Yes."  *Id.*

When Mr. Rezek tried to explain, Officers Chupp and Turner knocked him to the ground and wrenched his right arm high behind his back.  *Id.*  Mr. Rezek was in pain and shouted, "my arm is broken," "I'm not resisting," and "help."  *Id.*  The officers continued to apply force to Mr. Rezek's arm and told him to "shut up."  *Id.*  They forced his mouth into the dirt, put a knee on his back, and choked him until he was nearly unconscious.  *Id.*

As he was being taken away from the scene, Mr. Rezek begged the officers to obtain the identities of witnesses, but they refused.  *Id.*  After approximately ten to fifteen minutes, the Tustin Officers asked if Mr. Rezek needed medical assistance.  *Id.*  He said that he did, and the paramedics came and told the Tustin Officers that Mr. Rezek needed to go to the emergency room.  *Id.*  He eventually went to the hospital, and then to the Tustin Police Department.  *Id.*

At some point, Officers Chupp and Turner conspired with Mr. Reyes and Mr. Ibarra to falsely state that Mr. Reyes executed an order of citizen's arrest.  *Id.*  Officers Chupp and Turner then authored false crime reports stating that they observed Mr. Rezek punching Mr. Reyes' vehicle and overheard Mr. Rezek in line saying, "I just punched the sh*t out of one of the security cars and the security guard was too much of a pu*sy to do anything about it."  *Id.*

As a result, Mr. Rezek was charged and prosecuted for vandalism and resisting arrest.  *Id.*  He was eventually convicted of vandalism and acquitted of resisting arrest.  Def.'s Request for Judicial Notice, Ex. 1.

On October 21, 2009, Mr. Rezek wrote a complaint against Officers Chupp and Turner to Defendant Tustin Chief of Police Scott Jordan ("Chief Jordan").  TAC ¶ 8.  Chief Jordan assured Mr. Rezek that a thorough and unbiased internal investigation would be carried out.  *Id.*  On December 23, 2009, Chief Jordan wrote to Mr. Rezek to advise him that his investigation determined that while the events did occur, they did not constitute misconduct under the circumstances.  *Id.*

Now, Mr. Rezek brings suit against Defendants City of Tustin, Officer Chupp, Officer Turner, Chief Jordan, IPC International Corporation, Vestar Property Management Company, Mr. Reyes, and Mr. Ibarra for the following: (1) Violation of Civil Rights (42 U.S.C. § 1983), (2) *Monell* (42 U.S.C. § 1983) Against the City of Tustin, (3) False Arrest/Imprisonment, (4) Malicious Prosecution, (5) Intentional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                      Date: May 30, 2014

Page 3

Infliction of Emotional Distress, (6) Negligent Employment, and (7) Violation of California Civil Code § 52.1. *See generally* TAC.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). For example, the Court can consider the complaint but not information in the moving papers when evaluating the complaint's sufficiency. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings…cannot normally be considered in deciding a 12(b)(6) motion.") (internal quotation marks and citations omitted). However, under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                            Date: May 30, 2014

Page 4

(9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by Galbraith v. County of Santa Clara* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. ANALYSIS

#### A. Intentional Infliction of Emotional Distress

IPC Defendants first argue that Mr. Rezek has not adequately pleaded his claim for intentional infliction of emotional distress ("IIED") against them. Mot. at 4-5. The Court agrees.

In order to prevail on a claim for intentional infliction of emotional distress, the plaintiff must show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982) (quoting *Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 593 (1979)). Of course, at this stage, a plaintiff need not prove facts; but, he must plead enough facts to raise the right to relief beyond the speculative level. *See Twombly*, 550 U.S. at 555.

In its previous order, the Court dismissed Mr. Rezek's IIED claim because the complaint provided nothing but a "mere formulaic recitation of the elements of [IIED]." Order, January 27, 2014. Very little has changed.

The Third Amended Complaint adds new words but no new allegations. *See, e.g.*, TAC ¶ 39. The Second Amended Complaint alleged that Mr. Reyes and Mr. Ibarra "caused [Mr. Rezek] to be arrested for crimes they knew [Mr. Rezek] had not committed

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)  Date: May 30, 2014

Page 5

and conspired among themselves to promote the falsity with the purpose and intention to cause [Mr. Rezek] severe emotional distress." SAC ¶ 39. The Third Amended Complaint alleges that Mr. Reyes and Mr. Ibarra "falsely accused [Mr. Rezek] of crimes known by them not to have been committed by the plaintiff but fraudulently promoted with the cooperation and participation of defendants Ibarra and Reyes to jail, book and prosecute [Mr. Rezek] with the knowledge that [their actions] . . . would cause [Mr. Rezek] extreme emotional distress[.]" TAC ¶ 39. While the Third Amended Complaint is more verbose, no new allegations have been added.

Here, Mr. Rezek pleads nothing more than a formulaic recitation of the elements of an IIED claim against IPC Defendants. Accordingly, the Court GRANTS IPC Defendants' Motion as to Mr. Rezek's IIED claim.

### B. Negligent Employment, Retention, and Supervision

IPC Defendants next argue that Mr. Rezek has not adequately pleaded a claim for negligent employment, retention, and supervision. The Court agrees

To state a claim for negligent employment, retention, or supervision, the plaintiff must allege that the defendant owed a legal duty of care to the plaintiff, the duty was breached, and the breach was the actual and legal cause of the plaintiff's damages. *Federico v. Superior Ct.*, 59 Cal. App. 4th 1207, 1210-11 (1997).

In its previous order, the Court dismissed Mr. Rezek's negligent employment, retention, and supervision claim because the complaint provided nothing but a "mere formulaic recitation of the elements of [negligent employment, retention, or supervision]." Order, February 6, 2014. As with the IIED claim, very little has changed.

It is true that Mr. Rezek cannot plead facts in great detail without discovery. But, Mr. Rezek has alleged no facts to suggest that IPC International Corporation or Vestar Management Company knew or had reason to know of Mr. Ibarra or Mr. Reyes' alleged incompetence, carelessness, or viciousness. Accordingly, the Court GRANTS IPC Defendants' Motion as to Mr. Rezek's negligent employment, retention, or supervision claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                                     Date: May 30, 2014

Page 6

### C.  Bane Act

IPC Defendants next argue that Mr. Rezek has not adequately pleaded a claim under the Bane Act.  The Court agrees.

The Bane Act provides:

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with . . . may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages.

Cal. Civ. Code. § 52.1.  This provision "does not extend to all ordinary tort actions because its provisions are limited to *threats, intimidating, or coercion* that interfere with a constitutional or statutory right."  *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004) (emphasis added).

As with the claims addressed above, Mr. Rezek attempts to paint IPC Defendants with the same brush as the City of Tustin defendants.  That, however, is not enough.  Mr. Rezek has alleged absolutely no facts to suggest that IPC Defendants have threatened, intimidated, or coerced Mr. Rezek and, therefore, he has not adequately pleaded his claim against them.  *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) (holding that parties are liable under the Bane Act only if they threatened, intimidated, or coerced the plaintiff).  Accordingly, the Court GRANTS IPC Defendants' Motion as to Mr. Rezek's Bane Act claim.

### D.  § 1983 and Malicious Prosecution Claims

Finally, IPC Defendants again move to dismiss Mr. Rezek's § 1983 and malicious prosecution claims because they are inadequately pleaded and because Mr. Rezek was convicted of vandalism.  The Court agrees that the claims are inadequately pleaded.

Mr. Rezek does not oppose IPC Defendants' Motion as to either of these claims.  *See generally* Opp'n.

In its previous order, the Court held that Mr. Rezek's § 1983 and malicious prosecution claims are not barred, as a matter of law, simply because Mr. Rezek was convicted.  Order, January 27, 2014.  As the Ninth Circuit explained in *Poppell v. City of San Diego*, 149 F.3d 951, 963 (9th Cir. 1998), "a prosecution can be malicious with

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)                               Date: May 30, 2014

Page 7

respect to some counts in a complaint even though other counts resulted in a conviction." This has not changed and IPC Defendants' argument is unavailing, to the extent that it relies on the proposition that a malicious prosecution claim cannot be asserted if the plaintiff was convicted of one, but not all, counts.

However, the Court finds that Mr. Rezek's allegations against IPC Defendants are not sufficient to raise the right to relief beyond the speculative level. The Third Amended Complaint simply lacks anything other than conspiracy theories about Mr. Reyes colluding with the Tustin Officers to maliciously prosecute Mr. Rezek. This is insufficient. Accordingly, the Court GRANTS IPC Defendants' Motion as to Mr. Rezek's § 1983 and malicious prosecution claims.

### E. Dismissal with Prejudice

This suit was filed in 2011. *See generally* Compl. Since then, the Court issued several orders to show cause because Mr. Rezek was not prosecuting his case. *See* Order, January 31, 2012 (Dkt. 9); Order, April 6, 2012 (Dkt. 16); Order, September 14, 2012 (Dkt. 32).

Mr. Rezek has also had several opportunities to amend his complaint. The next amended complaint would be his fourth. While his claims against the City of Tustin may be sustainable, his allegations against IPC Defendants amount to nothing more than speculation that they were somehow involved in the actions taken by the City of Tustin. After so many years and chances, the Court is now satisfied that the deficiencies of the complaint cannot be cured by amendment. *See Jackson*, 353 F.3d at 758 (9th Cir. 2003). Therefore, the Court finds that dismissal with prejudice is warranted.

### IV. DISPOSITION

For the reasons explained above, the Court DISMISSES WITH PREJUDICE all claims asserted by Plaintiff Edward Rezek against Defendants IPC International Corporation, Hirineo Ibarra, Jose Reyes, and Vestar Property Management Company.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                        Clerk's Initials: jcb
CIVIL-GEN