O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)            Date: July 3, 2014

Title: EDWARD REZEK V. CITY OF TUSTIN, ET AL.

PRESENT:     THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION FOR RECONSIDERATION [88]**

Before the Court is Plaintiff Edward Rezek's Motion for Reconsideration ("Motion" or "Mot.") (Dkt. 88). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; *see also* C.D. Cal. R. 7-15. Having considered the written submissions, the Court DENIES the Motion.

## I. BACKGROUND

Plaintiff Edward Rezek ("Mr. Rezek") brings this action against police officers from the City of Tustin and private security guards. *See* Third Am. Compl. ("TAC") (Dkt. 67). On May 30, 2014, the Court dismissed Mr. Rezek's claims against the security guards. Minute Order, May 30, 2014 ("Second Dismissal Order") (Dkt. 86). Mr. Rezek now moves the Court to reconsider the Second Dismissal Order. *See* Mot.

## II. DISCUSSION

A court may reconsider a final judgment if a motion to alter or amend the judgment is made pursuant to Federal Rule of Civil Procedure 59(e). Reconsideration is appropriate under three circumstances: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Fed. R. Civ. P. 59(e); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, inc.*, 5 F.3d 1255, 1263

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1601-DOC (RNBx)                                                    Date: July 3, 2014

Page 2

(9th Cir. 1993). Rule 59(e) presents "an 'extraordinary remedy,' to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On January 27, 2014, the Court denied in part and granted in part the motions to dismiss filed by Defendants IPC International Corporation, Hirineo Ibarra, Jose Reyes, and Vestar Property Management Company (together, "IPC Defendants"). Minute Order, January 26, 2014 ("First Dismissal Order") (Dkt. 63). Specifically, it rejected the IPC Defendants' arguments that *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Mr. Rezek's § 1983 and malicious prosecutions claims merely because Mr. Rezek was convicted of one of the two counts for which he was charged. *Id.* at 6–9.

On May 30, 2014, after Mr. Rezek filed an amended complaint, the Court granted the IPC Defendants' motion to dismiss in its entirety, including the § 1983 and malicious prosecution claims. *See generally* Second Dismissal Order. The Court reiterated that the "IPC Defendants' argument [was] unavailing, to the extent that [they] rel[y] on the proposition that a malicious prosecution claim cannot be asserted if the plaintiff was convicted of one, but not all, counts." *Id.* at 7. But, this time, the IPC Defendants did not rest solely on the argument that Mr. Rezek's § 1983 and malicious prosecution claims were barred by *Heck*. *See* Mot. to Dismiss (Dkt. 70) at 7–9. Rather, they argued that Mr. Rezek's complaint raised no allegations that the IPC Defendants had anything to do with the alleged excessive force or malicious prosecution. *Id.* In its May 30, 2014 order, the Court agreed, holding:

> Mr. Rezek's allegations against IPC Defendants are not sufficient to raise the right to relief beyond the speculative level. The Third Amended Complaint simply lacks anything other than conspiracy theories about Mr. Reyes colluding with the Tustin Officers to maliciously prosecute Mr. Rezek.

Minute Order, May 30, 2014. In other words, the Court considered and agreed with the IPC Defendants' new argument, which Mr. Rezek did not address in his opposition.

The basis for Mr. Rezek's motion for reconsideration is that he believes that the Court did not consider his two-sentence reminder that the Court had already denied a motion to dismiss. *See* Mot. at 4. The Court did consider that brief argument, but found that Mr. Rezek's Third Amended Complaint was nonetheless insufficiently pleaded.

Mr. Rezek argues that after the Court denied a motion to dismiss a claim contained in the Second Amended Complaint ("SAC"), that decision became "law of the case" and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)  Date: July 3, 2014

Page 3

the Court was not at liberty to grant a motion to dismiss the same claim contained in the Third Amended Complaint ("TAC")—even on other grounds. Mot. at 4–5.

This argument is unavailing for two independently sufficient reasons. First, the Ninth Circuit has explained that "[d]enial of [a motion to dismiss] would be interlocutory, and it could be renewed and reconsidered at any time before final judgment." *Pearson v. Denny Dennison*, 353 F.2d 24, 28 (9th Cir. 1965); *cf. Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154, 1165 (E.D. Cal. 2010) ("The denial of a summary judgment motion has no preclusive effect, does not merge into a final judgment, and is an interlocutory, unappealable order that can be reviewed by the district court at any time before final judgment is entered."). Therefore, the Court was not barred from reconsidering the IPC Defendants' arguments that the § 1983 and malicious prosecution claims should be dismissed.

Second, even if the Court could not have reconsidered an interlocutory decision, its dismissal was still appropriate. The "law of the case" doctrine applies only to issues considered and actually decided by the first court. *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995). The Court denied the motion to dismiss the SAC's § 1983 and malicious prosecution claims because the IPC Defendants relied on an argument that Mr. Rezek's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* First Dismissal Order at 6–9. By contrast, the Court granted the motion to dismiss the TAC's § 1983 and malicious prosecution claims because the IPC Defendants raised new arguments that Mr. Rezek's claims were insufficiently pleaded. *See* Second Dismissal Order at 6–7. Therefore, the issue considered in the First Dismissal Order—whether *Heck* barred Mr. Rezek's claims—was not reconsidered by and did not form the basis of the Court's Second Dismissal Order.

In sum, Mr. Rezek elected not to present any argument in opposition to the IPC Defendants' arguments, resting instead on the fact that the Court previously denied a motion to dismiss as to claims from a different complaint on different grounds. The Court finds that Mr. Rezek has presented no valid basis for reconsideration because (1) interlocutory decisions do not become law of the case, *Pearson*, 353 F.2d at 28; and (2) in any event, the First Dismissal Order and the Second Dismissal Order examined and were predicated on different grounds, *Hegler*, 50 F.3d at 1475.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1601-DOC (RNBx)                 Date: July 3, 2014

Page 4

### III.    DISPOSITION

       For the reasons explained above, the Court DENIES Plaintiff Edward Rezek's Motion for Reconsideration.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                           Initials of Deputy Clerk: jcb
CIVIL-GEN